# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

THERON WAYNE MCGRIFF,

      **Debtor.**

**Bankruptcy Case No. 05-40097**

_____

SHAWN WEINGARTNER,

      **Plaintiff,**

**vs.**

THERON WAYNE MCGRIFF,

      **Defendant.**

**Adv. Proceeding No. 05-8032-JDP**

_____

## MEMORANDUM OF DECISION

_____

Marie T. Tyler, HOLDEN, KIDWELL, HAHN & CRAPO, Idaho Falls, Idaho, Attorney for Plaintiff.

Theron W. McGriff, Idaho Falls, Idaho, *Pro Se,* Defendant.

In this adversary proceeding, both the Plaintiff Shawn Weingartner, a creditor, and Defendant Theron McGriff, the Chapter 7 debtor, have moved the

MEMORANDUM OF DECISION - 1

Court for summary judgment.[1] The parties were previously married, and this dispute concerns whether a debt owed by Defendant to Plaintiff for attorney fees incurred in the course of a state court custody suit should be excepted from discharge in Defendant's bankruptcy case as support under 11 U.S.C. § 523(a)(5). The Court conducted a hearing concerning the motions on July 27, 2005, at which the parties appeared and argued their positions. In addition, the Court allowed the parties until August 5, 2005, to make additional submissions. What follows constitutes the Court's disposition of the motions.

## Undisputed Facts[2]

---

[1] Defendant, who is acting *pro se,* filed no motion expressly asking for entry of a summary judgment. But his response to Plaintiff's complaint filed May 27, 2005, when construed liberally as provided by Fed. R. Bankr. P. 7008(f), effectively seeks such relief. Therefore, in the interests of justice and for judicial economy, the Court will treat Defendant's pleading as not only an answer, but also as his motion for summary judgment.

[2] No affidavits have been filed by the parties. Instead, they attached copies of certain documents to their briefs. This practice is inconsistent with the Rules, and such documents are not properly before the Court for consideration on a motion for summary judgment. Fed. R. Bankr. P. 9017, incorporating Fed R. Civ. P. 43(requiring evidence to be submitted by affidavit or testimony); L.B.R. 7056.1. *See also In re Garner*, 246 B.R.

MEMORANDUM OF DECISION - 2

Plaintiff and Defendant were divorced in 1997.  In  2000 and 2001, both parties sought a modification of the state court order governing custody of their minor children.  Ultimately, the magistrate court granted Plaintiff's motion to modify custody and denied Defendant's motion.  Defendant appealed the order modifying custody to the Idaho Supreme Court.

While the appeal was pending, on December 27, 2002, the magistrate court entered an order requiring Defendant to pay Plaintiff's attorney fees incurred during the appeal.   Defendant was instructed to pay Plaintiff $750 on or before January 15, 2003, and then $500 per month thereafter toward her fees.  The order did not specify when these monthly payments should end. Defendant amended his appeal to the Idaho Supreme Court to also seek review of this award of attorney fees.  On April 3, 2003, Defendant filed a motion with the magistrate court to modify the attorney fees order.  The magistrate court denied this order on November 12, 2003, finding there was no substantial change in circumstance to justify a modification.  Compl. Ex. B, Docket No. 1; Answer, Attachment 5, Docket No. 6.

---

617, 624 (B.A.P. 9th Cir. 2000) (noting evidence must be offered by affidavit or testimony).  On the other hand, the Court may properly, and did, consider the documents attached to the verified complaint and answer.

MEMORANDUM OF DECISION - 3

On September 21, 2004, the Idaho Supreme Court entered its decision on Defendant's appeal, and in part decided that the magistrate's award of attorney fees to Plaintiff was appropriate under Idaho Code § 32-704. *McGriff v. McGriff*, 99 P.3d 111, 122–23 (Idaho 2004). In its decision, the court explained,

> The magistrate's decision reflects that he was aware of the need to consider the factors in I.C. § 32-705, and that he did consider in depth the financial circumstances of each party in arriving at his conclusion. The magistrate's decision shows that the court recognized that though the incomes from employment for each of the parents were somewhat similar, Shawn was not able to make ends meet with her and the children and pay her attorney fees at the same time. Shawn owed her attorneys over $8000 at the time the trial court made its findings. The evidence also showed that due to outside contributions and assistance given to Theron, he was able to establish a savings account with over $4000 and he had a credit of over $800 with his attorneys at the time the trial court made its findings of fact. As such, there was adequate evidence presented to demonstrate there was a disparity in incomes relating to the parties' abilities to carry on this appeal and, accordingly, the magistrate judge was within his discretion in ordering Theron to pay a portion of Shawn's attorney fees.

*Id.* However, the Idaho Supreme Court vacated the attorney fee order, concluding that in leaving its order "open-ended," the magistrate court had improperly failed to determine the total amount of reasonable attorney fees Defendant should be

MEMORANDUM OF DECISION - 4

required to pay. *Id.* at 123. The Supreme Court remanded the action to the magistrate court to make that determination.

On remand, the magistrate court affirmed its prior findings and conclusions and ordered Defendant to pay an additional $11,095.40 in attorney fees and costs to Plaintiff's counsel. In making its decision, the magistrate court considered the parties' income and monthly expenses and concluded Defendant was financially able to pay Plaintiff's attorney fees while Plaintiff was not. Compl. Ex. C, Docket No. 1; Answer Attachment 7, Docket No. 6.

In her motion, Plaintiff asks this Court to enter a summary judgment declaring that the state court's award of attorney fees is in the nature of support and, therefore, nondischargeable under § 523(a)(5). Defendant's request for summary judgment is founded upon his argument that, based upon the position Plaintiff asserted in state court, Plaintiff should be judicially estopped from asserting the attorney fees are in the nature of support. He also argues that the award of attorney fees is not in the nature of support.

**Discussion and Disposition of the Issues**

**A. Summary Judgment Standard.**

MEMORANDUM OF DECISION - 5

Summary judgment is mandated if, when viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c), made applicable in adversary proceedings by Fed. R. Bankr. P. 7056; *Esposito v. Noyes* (*In re Lake Country Investments, LLC*), 255 B.R. 588, 596–97 (Bankr. D. Idaho 2000); *see also Elsaesser v. Central Pre-Mix Concrete Co.* (*In re Pioneer Constr., Inc.*), 01.2 I.B.C.R. 66, 66 (Bankr. D. Idaho 2001). The initial burden is on the moving party to show no genuine issue of material fact exists, and a failure to do so with respect to any required element of the cause of action is fatal to the motion. *Esposito*, 255 B.R. at 597. "If the nonmoving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment." *Id*. (internal citations omitted). The court may not weigh the evidence presented; its role is to simply decide if a material factual dispute exists. *Id.*

**B. Nature of the Attorney Fee Award.**

Section 523(a)(5) excepts from discharge a debt to a former spouse if the debt is in the nature of support. "The creditor bears the burden of proof in an action under § 523(a)(5)." *Mallo v. Mallo* (*In re Mallo*), 03.3 I.B.C.R. 196, 197

MEMORANDUM OF DECISION - 6

(Bankr. D. Idaho 2003) (citing *Stocks v. Calo* (*In re Calo*), 97.3 I.B.C.R. 87, 88 (Bankr. D. Idaho 1997)).

"Whether an obligation is actually in the nature of support, and therefore nondischargeable in bankruptcy, is determined under federal law." *In re Kimball*, 253 B.R. 920, 923 (Bankr. D. Idaho 2000) (citing *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984)). The Court must look to the substance of the obligation to determine whether it is dischargeable. *Id.* The Ninth Circuit has articulated several factors to guide the Court in determining whether the debt is in the nature of support:

> In determining whether an obligation is intended for support of a former spouse, the court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation. . . . The courts that have considered this issue have used several factors to aid in the characterization of the debt. If an agreement fails to provide explicitly for spousal support, a court may presume that a so-called 'property settlement' is intended for support when the circumstances of the case indicate that the recipient spouse needs support. . . . Factors indicating that support is necessary include the presence of minor children and an imbalance in the relative income of the parties. . . . Similarly, if an obligation terminates on the death or remarriage of the recipient spouse, a court may be inclined to classify the agreement as one for support. . . . The court will look also to nature [sic] and duration of the obligation to determine whether it is intended as support. Support payments tend to mirror the recipient spouse's need for support.

MEMORANDUM OF DECISION - 7

*In re Martin*, 04.3 I.B.C.R. 131, 132 (Bankr. D. Idaho 2004) (quoting *Shaver*, 736 F.2d at 1316-17 (internal citations omitted)). "However, in determining whether awards of attorney's fees are 'in the nature of support,' the primary consideration is whether the award of fees was based upon financial need." *Norris v. Norris* (*In re Norris*), 94 I.B.C.R. 233, 235 (Bankr. D. Idaho 1994) (citing *Johns v. Tyson*, 518 F.2d 678, 681 (9th Cir. 1975); *Matter of Catlow*, 663 F.2d 960, 963 (9th Cir. 1981)).

The magistrate court ordered Defendant to pay attorney fees pursuant to Idaho Code § 32-704. That statute instructs the state court to award attorney fees only "after considering the financial resources of both parties and the factors set forth in section 32-705." Idaho Code § 32-704(3). Idaho Code § 32-705 lists the factors to be considered by the state court:

> 1. Where a divorce is decreed, the court may grant a maintenance order if it finds that the spouse seeking maintenance:
>> (a) Lacks sufficient property to provide for his or her reasonable needs; and
>> (b) Is unable to support himself or herself through employment.
>
> 2. The maintenance order shall be in such amounts and for such periods of time that the court deems just, after considering all relevant factors which may include:
>> (a) The financial resources of the spouse seeking maintenance, including the marital

MEMORANDUM OF DECISION - 8

> property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;
>
> (b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;
>
> (c) The duration of the marriage;
>
> (d) The age and the physical and emotional condition of the spouse seeking maintenance;
>
> (e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;
>
> (f) The tax consequences to each spouse;
>
> (g) The fault of either party.

Here, the Court must review the magistrate court's order to determine if it is in the nature of support.[3] *See Kimball*, 253 B.R. at 923. In the order entered after remand the magistrate court states,

> [a]fter reviewing the factors set forth in Idaho Code § 32-704 and 705 including the Plaintiff's continuing need for assistance in paying her attorney's fees and costs, and Defendant's ability to pay the same, the Court affirms its prior findings and conclusions and finds that Defendant has the ability to pay Plaintiff's attorney's fees and costs and Plaintiff has need for his assistance.

---

[3] Defendant argues because the Idaho Supreme Court vacated and remanded the original order, the only order that may be considered is the order entered after remand. The Court respectfully disagrees; the magistrate court expressly incorporated its earlier factual findings in its decision to award fees after remand.

MEMORANDUM OF DECISION - 9

Ex. C, Docket No. 1; Attachment 7; Docket No. 6.

In applying the *Shaver* factors to the magistrate court's order, the primary consideration for the Court is whether the award was based upon financial need. *See Norris*, 94 I.B.C.R. at 235. The magistrate court clearly considered the parties' income and monthly expenses to determine whether Defendant should pay Plaintiff's attorney fees and costs. Its decision was founded upon the state court's analysis of the needs of Defendant's former spouse. Defendant received financial donations to assist in paying his legal costs, and he was able to maintain a savings account during that time. Plaintiff's financial situation was such that she had more expenses than income. The magistrate court's careful review of the relative financial situations of the parties demonstrates that its award was based on Plaintiff's need and Defendant's ability to pay. This Court confidently concludes that the state court's order requiring Defendant to pay Plaintiff's attorney fees was in the nature of support.

And contrary to Defendant's suggestion, the analysis does not change simply because the state court ordered Defendant to pay the fees directly to Plaintiff's attorney. This Court and others have decided that "a claim for attorney's fees awarded to the debtor's wife's attorney in a prebankruptcy divorce action can be excepted from discharge under Section 523(a)(5), even though the

MEMORANDUM OF DECISION - 10

debt is payable directly to the attorney." *Stocks*, 97.3 I.B.C.R. at 88 (citing *Porter v. Gwinn* (*In re Gwinn*), 20 B.R. 233, 234 (9th Cir. B.A.P. 1982); *In re Spong*, 661 F.2d 6 (2d Cir. 1981); *In re French*, 9 B.R. 464 (Bankr. S.D. Cal. 1981)).

**C. Judicial Estoppel.**

Defendant argues Plaintiff should be judicially estopped from asserting in this action that the attorney fee award is in the nature of support because, he says, she argued it was not support in state court in connection with Defendant's motion to modify the attorney fee award. Plaintiff maintains judicial estoppel does not apply because she did not argue the attorney fee order was not support, and even if she did, the magistrate court did not rely on that argument in ruling on the motion to modify.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001); *see also In re Pich*, 253 B.R. 562, 568–69 (Bankr. D. Idaho 2000). The Court may weigh several factors in determining whether judicial estoppel applies, but the Ninth Circuit has "restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *Hamilton*, 270 F.3d at 783

MEMORANDUM OF DECISION - 11

(citing *Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998); *Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir. 1997)).

No factual dispute exists regarding the basis for the magistrate court's decision denying the motion to modify the attorney fees award. That decision clearly indicates Defendant's request to modify the attorney fee award should be denied due to the lack of a "substantial, material and permanent change in circumstances to justify a modification of the Court's prior order." Compl. Ex. B, Docket No. 1; Answer Attachment 5, Docket No. 6. Because the magistrate court did not base its decision to deny the motion to modify attorney fees upon whether it was a support order, even if Plaintiff had argued it was not, under the Ninth Circuit decisions, Defendant can not invoke the doctrine of judicial estoppel.

## Conclusion

There are no disputes concerning the material facts. Plaintiff is not judicially estopped from arguing the award of attorney fees was in the nature of support, and the Court concludes the state magistrate court's order requiring Defendant to pay Plaintiff's attorneys fees is in the nature of support. Under 11 U.S.C. § 523(a)(5), a support debt owed by the debtor to a former spouse is

MEMORANDUM OF DECISION - 12

excepted from discharge in bankruptcy. Plaintiff's motion for summary judgment will be granted, and Defendant's motion denied, by separate order.

Dated: August 22, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 13